**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Attorneys for Debtor-in-Possession
*By:  Brian G. Hannon (BH - 3645)*
   *bhannon@norgaardfirm.com*

|  |  |
|---|---|
| In Re:<br><br>**DELDOR WELLNESS, INC.**<br><br>Debtor.<br><br>. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 11 (Small Business Subchapter V)<br><br>Case No. 23-17422-RG |

**APPLICATION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASE OF INDIVIDUAL DEBTOR DELMA Y RODRIGUEZ WITH CHAPTER 11 CASE OF DELDOR WELLNESS, INC.**

Delma Y. Rodriguez and Deldor Wellness, Inc. (collectively, the "Debtors"), having filed separate petitions[1] for relief under Chapter 11 of the Bankruptcy Code, and each being debtor-in-possession, by and through their proposed undersigned counsel, hereby move before this Court for an Order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") administratively consolidating their Chapter 11 cases and providing for joint administration of their bankruptcy cases.

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Secs. 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. Secs. 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2).  The Court is authorized to grant the motion under 11 U.S.C. Sec. 105(a) and Fed. R. Bankr. P. 1015.

---

1  Delma Y. Rodriguez filed an individual petition as a single person.

## BACKGROUND

2.The individual debtor Delma Y. Rodriguez is a resident of New Jersey and rents her residence at 160 Oak St, Apt 204, East Rutherford, NJ. Ms. Rodriguez holds 100% of the membership interests in Deldor Wellness, Inc. ("Deldor"). Deldor is a corporation organized under NJ Law. It owns a Beauty Day Spa/wellness center located at 26 Washington St, Tenafly, NJ and operates under the name Deldor Day Spa.

3.The great majority of the claims asserted against Deldor are substantially identical to those asserted against Ms. Rodriguez. These include the claims of Amerifi Capital, LLC, Merk Funding, Inc., and MedShift.

## RELIEF REQUESTED

4.By way of this Motion, Debtors seek the joint administration and consolidation of their Chapter 11 cases, for procedural purposes only.

5.Specifically, Debtors request that the Court maintain one file and one docket for the two jointly administered cases under the Deldor Wellness, Inc. case docket, and that the cases be administered under a consolidated caption, as follows:

| | | |
|---|---|---|
| In re: | : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| DELDOR WELLNESS, INC., | | NEWARK VICINAGE |
| | : | |
| Debtor. | : | Case No. 23-17422 |
| | : | (Jointly Administered)[2] |

6.The Debtors respectfully submit that the foregoing caption satisfies the requirements set forth in Bankruptcy Code Sec. 342(c)(1) and Bankruptcy Rule 2002(n).

---

[2] The jointly administered Debtors are Delma Y. Rodriguez, having SSN with the last four digits of 6722,

2

7.  In addition, Debtors request that the Court make separate docket entries in the dockets of each of the Chapter 11 cases, substantially as follows:

> An Order has been entered in this case directing the joint administration of the Chapter 11 cases listed below. The docket in Case Number 23-17422 should be consulted for all matters affecting this case. The following Chapter 11 cases are jointly administered for procedural purposes only pursuant to the joint administration order:
>
> Delma Y. Rodriguez 23-17426
>
> Deldor Wellness, Inc. 23-17422

## BASIS FOR RELIEF

8.  Bankruptcy Rule 1015(b) provides:

> If a joint petition or two or more petitions are pending in the same court by or against (1) spouses, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). Debtors are affiliates within the meaning of Bankruptcy Code section 101(2) because Ms. Rodriguez owns more than twenty percent of the voting interests Deldor.

9.  Under Sec. 105(a) of the Bankruptcy Code, this Court has power to order the joint administration of the cases. The Debtors submit that, in light of their affiliated status and the identity of the claims against them, the joint administration of the cases will aid in expediting the cases and render administration and adjudication more efficient and economical.

10. Furthermore, Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 cases will affect all of the Debtors. Thus, these cases should be administered jointly because joint administration will obviate the need for

---

respectively, and Deldor Wellness, Inc., having a TIN with the last four digits 5164.

duplicative notices, motions, applications, and orders, and thereby save considerable time and expense for the Debtors and their estates.

11. Joint administration will also protect creditors and parties-in-interest by ensuring that they will be apprised of the various matters before this Court involving each of the Debtors.

12. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 cases because each creditor may still file its claim against a particular estate. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

13. Accordingly, Debtors submit that joint administration of their above-captioned Chapter 11 cases is in their best interests, as well as the best interests of their creditors and all other parties-in-interest.

**NOTICE**

14. No trustee, examiner, or committee of unsecured creditors has yet been appointed in either of the cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtors' twenty (20) largest unsecured creditors; and (iii) all secured creditors. In light of the nature of the relief requested herein, the Debtors submit that no further notice is required.

**WHEREFORE**, The Debtors respectfully request the entry of an order, in substantially the form submitted herewith, directing joint administration of the cases.

I certify that the forgoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated:  August 28, 2023                                      /s/ Brian G. Hannon, Esq.
                                                            Brian G. Hannon, Esq.