**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Attorneys for Debtor-in-Possession
*By:  Brian G. Hannon (BH -3645)*
   *bhannon@norgaardfirm.com*

|  |  |
|---|---|
| In Re:<br><br>Deldor Wellness, Inc.<br><br>                    Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 11 (Small Business Subchapter V)<br><br>Case No. 23-17422 |

**APPLICATION IN SUPPORT OF DEBTOR'S REQUEST FOR INTERIM
AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

The Debtor, Deldor Wellness, Inc. ("the Debtor" or "Deldor"), by and through its proposed counsel, Norgaard, O'Boyle & Hannon,  hereby moves before this Court for interim and final orders authorizing it use cash collateral and provide adequate protection pursuant to 11 U.S.C. §§105(a), 361, 362, and 363, and Rules 4001 of the Federal Rules of Bankruptcy Procedure ("FRBP"). In support of the application, the undersigned relies on the Certification of Delma Rodriguez in Support of the Debtor's First Day Motions, which is filed contemporaneously herewith, and respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C.  Secs. 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. Secs. 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2).

2. The statutory and legal predicates for the relief sought herein are 11 U.S.C. Sec.

-12-

105(a), 361, 362, and 363, and Rules 4001(b), and 9014.

3. By this Application, the Debtor seeks preliminary and final authority to use its cash, receivables, deposit accounts, and other cash equivalents upon which its creditor Amerifi Capital LLC ("Amerifi") holds or might assert a lien or security interest. A UCC Search of the Debtor reveals that the Amerifi filed a UCC-1 Financing Statement against the Debtor on November 4, 2021.

## BACKGROUND

4. The Debtor operates a Salon/Spa business located at 25 Washington Street, Tenafly, NJ 07670. The Debtor does not own the real property.

5. In or about the November of 2021, the Debtor applied for a loan so that the Debtor could build out it current business location. Amerifi approved and provided financing to the Debtor and holds a UCC lien, asserting a security interest in the Debtor's personal property. Amerifi is owed approximately $38,761.23 as of the petition date.

6. The value of the Debtor's tangible personal property has been appraised at $3,555. Attached as Exhibit A is a copy of the appraisal of the personal property dated June 19, 2023. The total of the Debtor's deposits as of the petition date is approximately $9,730.84.11; its total collectable accounts receivable as of the petition date is approximately $0.00. Thus, under Bankruptcy Code Sec. 506(a), Amerifi's secured claim is secured by the cash collateral to the extent of the value of the cash collateral.

## **REQUEST FOR AUTHORITY TO USE CASH COLLATERAL**

7. The Debtor requests authority to use the cash collateral of the secured claimant Amerifi. Such relief is necessary in order to facilitate the orderly continuation of the Debtor's business. Without use of the cash collateral, the Debtor may be unable to fund payroll and payroll

taxes, maintain its relations with vendors and suppliers, or pay for inventory, supplies, overhead, insurance and other necessary expenses. Access to cash collateral is vital to the maintenance of the going concern value of the Debtor and to a successful reorganization. Without the use of the cash collateral, the Debtor would be unable to operate, resulting in the loss of jobs and causing immediate and irreparable harm to the Debtor and the estate.

8. The Debtor proposes to provide adequate protection to Amerifi for its use of cash collateral by (1) making monthly payment to Amerifi in the amount of $275.00, and (2) granting a replacement lien to Amerifi on all of the Debtor's present and after acquired property, to the extent of any diminishment of the value of the cash collateral after the petition date.

9. The Debtor requests authority to use cash collateral in accordance with the budget attached as Exhibit B hereto. The Debtor's use of cash collateral will enable to the Debtor to continue operations postpetition and will preserve the value of the Debtor's estate for all parties-in-interest, including Amerifi. It will spare the jobs of the Debtor's employees and will preserve the Debtor's going-concern value through the bankruptcy process.

10. In accordance with D.N.J. LBR 4001-3, set forth below is a summary of the material terms for the proposed use of cash collateral:

| **Amount of cash collateral sought to be used** | **To the extent and up to the amounts set forth in the budget attached hereto as Exhibit B, and attached to the proposed order as Exhibit A (Prop. Ord., page 3)** |
|---|---|
| **Adequate Protection to be provided** | **Monthly Payments:  the debtor shall make monthly payments of $275.00 to Amerifi, the holder of the first lien on the cash collateral.**<br><br>**Replacement Lien:  The debtor shall provide a replacement lien to Amerifi covering all postpetition property acquired by the debtor, including all accounts, accounts receivable and other cash equivalents, to the extent of** |

|  | **any diminishment in the value of the cash collateral used by the debtor.**<br><br>**(Prop. Ord. page 5)** |
|---|---|
| **Effective of relief on existing liens** | **The replacement liens granted as adequate protection shall be junior in priority only to any fees payable to the clerk of the court or to the United States Trustee pursuant to 28 U.S.C. Sec. 1930.** |
| **Events of Default** | **It shall be an event of default if (1) the Debtor fails to honor any duty or obligation imposed upon it by the Cash Collateral order, or has otherwise violated any condition of its use of cash collateral, (2) the Debtor moves to dismiss or convert the case to one under chapter 7, or (3) entry of an order vacating the automatic stay as to the collateral covered by the replacement lien(s).** |
| **Code Sec. 506(c) rights** | **Amerifi has not consented to any surcharge of any of its collateral under Bankruptcy Code Sec. 506(c), and no consent shall be implied or inferred from any action, failure to act or acquiescence by Amerifi. Neither the Debtor nor the estate have waived any right under Bankruptcy Code Sec. 506(c).** |
| **Agreement binding the debtor or other parties in interest to with respect to the validity, perfection, amount, or priority of lienholders' claims** | **None.** |
| **Effect on avoidance actions** | **The replacement collateral shall not include any claims or causes of action of the debtor under Bankruptcy Code Secs. 544,547,548, 549, 550, or 551, or on any of the proceeds realized through the prosecution or resolution of such claims or causes of action.** |

## BASIS FOR RELIEF

11. Without the use of cash collateral, specifically in the form of use of deposit accounts and the collection of accounts receivable, the Debtor will be unable to pay salaries, utilities, material suppliers and other operating expenses incurred in the ordinary course of business that are crucial to its ongoing operational needs. Absent the authority to use cash collateral, the Debtor's ability to preserve and maximize the value of its assets will be irreparably harmed and substantially jeopardized. In light of the foregoing, the Debtor seeks Court approval to use cash collateral in accordance with the Budget.

12. Under section 363(c)(2) of the Bankruptcy Code, the Debtor may not use cash collateral without the consent of any entity with an interest in such cash collateral or authority granted by the Court.

13. Bankruptcy Code section 363(e) provides that "on request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Examples of adequate protection are provided in section 361 of the Bankruptcy Code and include periodic cash payments and additional or replacement liens in property.

14. By adequate protection, the Bankruptcy Code seeks to shield a secured creditor from diminishment of the value of its interest in collateral during the period of use. *See In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Hubbard Power & Light*, 202 B.R. 680 (Bankr. E.D.N.Y. 1996).

15. The Courts decide what constitutes sufficient adequate protection on a case-by case basis. *See In re N.J. Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624, at *14 (Bankr.

D.N.J. June 29, 2006); *see also In re Columbia Gas Sys., Inc.*, Nos. 91-803, 91-804, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992); *In re Swedeland Dcv. Grp.*, Inc., 16 F.3d 552, 564 (3d Cir. 1994). ; *In re Mosello,* 195 BR. 277, 289 (Bankr. S.D,N.Y. 1996); *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (citing 2 Collier on Bankruptcy § 361.01[1] at 361-66 (15th ed. 1993)) (explaining that what constitutes adequate protection is not defined, and "must be determined based upon equitable considerations arising from the particular facts of each proceeding").

16. The Courts have determined that replacement liens are sufficient adequate protection for use of cash collateral. *See In re Mt. Olive Hospitality, LLC*, Civil No. 13-3395 (RBK), 2014 WL 1309953, at *3, n.6 (D.N.J. March 31, 2014); *see also In re Airport Inn Assocs., Ltd.*, 132 B.R. 951, 960 (Bankr. D. Col. 1990) ("The court could order a lien in postpetition accounts receivable as adequate protection if that relief was requested"); *In re Int'l Design & Display Grp., Inc.*, 154 B.R. 362, 364 (Bankr. S.D. Fla. 1993) (court authorized debtor to use cash collateral and, as adequate protection, granted secured creditor replacement lien on all postpetition accounts receivable, inventory and contracts to the extent the creditor's collateral was depleted).

17. The Debtor proposes monthly payments of $275.00 to Amerifi and a postpetition lien on all property acquired by the Debtor, including all accounts and accounts receivable. It is respectfully submitted that this sufficiently protects Amerifi from the possibility of diminishment of the value of the receivables and deposits.

18. The Debtor's ability to pay for goods and services is crucial to its continued operational needs and the employment of the Debtor's employees during the pendency of this chapter 11 case. Accordingly, the Debtor respectfully submits that the use of Cash Collateral on the terms set forth in the attached proposed Interim Order provides Amerifi with adequate protection and is in the best interest of the Debtor's estate, its creditors and all parties in interest and, therefore,

should be authorized by this Court.

### INTERIM APPROVAL SHOULD BE GRANTED

19. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than 14 days after service of such motion. The court, however, may conduct an expedited hearing prior to the expiration of such 14-day period and authorize the use of cash collateral where, as here, such relief is necessary to avoid immediate and irreparable harm to a debtor's estate.

20. As set forth above, the failure to obtain approval of the use of Cash Collateral on an expedited basis would lead to immediate and irreparable harm to the Debtor's estate and the value of the Debtor's assets. Accordingly, the Debtor seeks immediate entry of the Interim Order to prevent immediate and irreparable harm pending the Final Hearing, pursuant to Bankruptcy Rule 4001(b).

### REQUEST FOR FINAL HEARING

21. Pursuant to Bankruptcy Rules 4001(b)(2), the Debtor requests that the Court set a date for the Final Hearing that is as soon as practicable and fix the time and date prior to the final hearing for parties to file objections to the Motion.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

22. To implement the foregoing successfully, the Debtor seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### WAIVER OF MEMORANDUM OF LAW

23. The legal basis upon which the Debtor relies is set forth herein. The Motion does not raise any novel issues of law. Therefore, the Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3).

**NOTICE**

24. Notice of this Motion has been given to (1) the Office of the United States Trustee for the District of New Jersey; (2) Amerifi Capital LLC; (3) the Office of the United States Attorney; (4) all other secured creditors, if any; (5) the Debtor's twenty largest unsecured creditors; (6) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully request this Court to enter the proposed Order Authorizing the Debtor's Interim Use of Cash Collateral.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: August 28, 2023                    */s/ Brian G. Hannon*_____
                                          Brian G. Hannon, Esq.
                                          NORGAARD O'BOYLE & HANNON
                                          *Proposed Counsel for Debtor-in-Possession*