**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Attorneys for Debtor-in-Possession
*By:  Brian G. Hannon (BH -3645)*
    bhannon@norgaardfirm.com

| In Re: | UNITED STATES BANKRUPTCY COURT |
| --- | --- |
|  | FOR THE DISTRICT OF NEW JERSEY |
|  | NEWARK VICINAGE |
| **DELDOR WELLNESS, INC.,** | Chapter 11 (Small Business Subchapter V) |
| Debtor. | Case No. 23-17422 |

**APPLICATION PURSUANT TO 11 U.S.C.  SEC. l05(a) AND 363(b)
AUTHORIZING DEBTOR TO CONTINUE CREDIT CARD FACILITIES,
CUSTOMER REFUNDS AND CUSTOM PRACTICES**

Debtor Deldor Wellness, Inc. ("the Debtor") by and through its proposed counsel, Norgaard, O'Boyle & Hannon,  hereby moves before this Court for an order authorizing it to continue to accept credit cards as a method of payment by customers in the ordinary course of business in the same manner as the Debtor accepted credit card payments prior to the commencement of the above-captioned case, to continue to refund customers' prepayments and deposits in the same manner as it honored those obligations prepetition, and to continue other similar prepetition policies, programs, and practices of the Debtor (collectively, the "Custom Practices").

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C.  Secs. 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. Secs. 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2).  The statutory and legal predicates for the relief sought herein are 11 U.S.C. Sec. 105(a) and 363(b).

2. The Debtor operates a Spa/Wellness Center out of 26 Washington Street, Tenafly,

NJ 07670. On August 25, 2023, the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.

3. Many of the Debtor's customers utilize credit cards or debit cards to pay for the costs uncovered by insurance, or for which they owe a co-pay, as well as for the purchase of ordinary merchandise that is not covered by insurance. The acceptance of credit and debit card payments is an essential service for the Debtor and its customers.

4. The Debtor's credit and debit card receipts are cleared by Card Connect. Card Connect deposits the Debtor's credit card receipts in the Debtors' prepetition Citizens Bank Business Checking Account. The Debtor pays the clearing party a small percentage as the fee for its service.

5. It is the Debtor's custom and practice to collect credit or debit card receipts paid on account of patients at the time of sale, depending on the insurance coverage. In the event of a disagreement or dispute with a patient regarding the propriety of a charge, the Debtor may choose to resolve the matter by choosing to refund the patient the challenged amount.

**RELIEF REQUESTED**

6. By this motion, the Debtor respectfully requests an order authorizing, but not requiring, it to continue to accept credit and debit cards as a method of payment for its services in the ordinary course of business, in the same manner as it accepted such payments prior to the petition date, and to continue such other similar policies, programs and practices (the "Custom Practices"). Essentially, the Debtor desires to continue during the post-petition period those Custom Practices that it believes were beneficial to its businesses and cost-effective during the pre-petition period, including clearing the transactions through Card Connect and depositing the amounts collected into the prepetition Citizens Bank account. The Debtor believes that such relief is necessary to preserve,

during the post-petition period, its critical business relationships with its customers and processing banks.

7. The Debtor requests that it be authorized to continue to accept credit and debit card payments after the petition date. Moreover, the Debtor requests that it be permitted to maintain the Citizens Bank account into which its card receipts are deposited until such time as a DIP account can be established, and it be permitted to pay any fees payable to the credit card companies and/or processing banks in the ordinary course, as if such fees were owed pre-petition as a result of a charge but were not actually paid or drawn down until post-petition.

8. The success and viability of the Debtor's business, and ultimately the Debtor's ability to successfully reorganize its business, depend upon the patronage and loyalty of its customers and its relationships with the bank or agent that processes the customers' payments. In this regard, the Debtor's custom practices are critical, and any delay in honoring the Debtor's obligations thereunder will severely and irreparably impair customer relations. Accordingly, the Debtor seeks Court approval for the continuation of its ordinary custom practices.

**BASIS FOR RELIEF**

9. The Debtor seeks authorization pursuant to 11 U.S.C. Sec. 105(a) and 363(b) to continue the custom practices and to perform certain prepetition obligations in respect thereof as necessary. Numerous courts have used their Sec. 105(a) equitable powers under the "necessity of payment" doctrine to authorize payment of a debtor's pre-petition obligations where, as here, such payment is necessary to effectuate the "paramount purpose" of chapter 11. *See In re Lehigh & New England Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during reorganization,

payment may be authorized even if it is made out of the corpus"); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174,176-77 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) (doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor"); *see also In re James A. Phillips, Inc.*, 29 B.R. 391, 394-95 (S.D.N.Y. 1983) (upholding the bankruptcy court's order authorizing the debtor to make post-petition payment of pre-petition claims in the ordinary course without notice and a hearing). Ultimately, the "necessity of payment" doctrine is intended to facilitate the paramount goal of chapter 11; namely, "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

10. The continued patronage of the Debtor's customers is critical to the Debtor's financial health and reorganization prospects. Numerous courts have granted relief similar to that requested herein. *See, In re Pliant Corporation, et al.*, Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006) (authorizing continuation of numerous consumer programs including customer rebates and customer loyalty; *In re Budget Group, Inc., et al.*, Case No. 02-12152 (MFW) (Bankr. D. Del. 2002) (authorizing debtors to, among other things, honor customer deposit obligations and pay customer refund, reimbursement and supplemental insurance obligations); *In re US Airways Group, Inc., et al.*, Case No. 02-83984 (SSM) (Bankr. E.D. Va. Aug. 12, 2002) (authorizing continuation of numerous customer programs including frequent flier programs and granting authority to honor ticket holder claims); *In re WorldCom, Inc., et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 23, 2002) (authorizing continuation of numerous customer service programs including promotional services, billing credits, returns and exchanges and allowing debtors to honor customer deposits); *ANC Rental Corporation, et al.*, Case No. 01-11200 (MFW) (Bankr. D. Del. Dec. 17, 2001)

(authorizing payment of customer and consumer obligations); *In re NationsRent, Inc.*, Case No. 01-11628 (PJW) (Banker. D. Del. Dec. 18, 2001) (authorizing payment of customer obligations in the ordinary course of business, including rebates, credits, re-rent charges, deposit refunds and special-order charges); *Trans World Airlines, Inc., et al.*, Case No. 01-0056 (SLR) (Bankr. D. Del. Jan. 10, 2001) (authorizing debtors to continue using customer programs and practices in the ordinary course of business); *In re Trend Lines, Inc.*, Case No. 00-15431 (CJK) (Bankr. D. Mass. Aug. 17, 2000) (authorizing debtor to honor gift certificates and store credits); *In re United Artists Theatre Company, et al.*, Case No. 00-3519 (SLR) (Bankr. D. Del. Sept. 5, 2000) (authorizing debtors to continue customer programs and practices); *In re Filene's Basement, Inc.*, Case No. 99-16984 (Bankr. D. Mass. Aug. 24, 1999) (authorizing continuation and payment of certain pre-petition consumer practices).

11. The Debtor respectfully submits that the viability of its business and its reorganization effort depend upon the development and maintenance of relations with customers and vendors. To preserve the value of its business, the Debtor must be permitted, in its sole discretion, to continue its credit card facilities, and to continue honoring and continuing all custom practices without interruption or modification. Authorizing the Debtor to continue its credit card facilities and custom practices is in the best interests of the Debtor, its estate and its creditors.

## WAIVER OF BRIEF

12. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully submits that no legal brief is required under D.N.J. LBR 9013-1.

## NOTICE

13.     No trustee, examiner, or committee of unsecured creditors has been appointed in the Debtor's Chapter 11 Case. Notice of this Motion has been given to (1) the Office of the United States Trustee for the District of New Jersey;  (2) All secured creditors and their counsel, if any; (3) the United States Small Business Administration; (4) the Internal Revenue Service; (5) the Office of the United States Attorney; (6) the Debtor's twenty largest unsecured creditors; and (7) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order authorizing the Debtor to continue its prepetition credit card facilities and custom practices, in accordance with its policies and in its sole discretion, and granting such other and further relief as this Court deems just and proper.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: August 28, 2023                                             /s/ Brian G. Hannon
                                                                            Brian G. Hannon, Esq.